**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STACY SOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOARD UNIVERSITY HOSPITAL,**<br><br>**and**<br><br>**DISTRICT OF COLUMBIA NURSES ASSOCIATION,**<br><br>**Defendants.** | **Civil Action No. 26-3426** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stacy Soe, a transgender woman, serves as a Registered Nurse at Howard University Hospital, where she also is a member of the District of Columbia Nurses Association, a labor union. See ECF No. 1 (Compl.), ¶¶ 1–2. She has brought this lawsuit against her employer and union, claiming that the categorical exclusion of gender-affirming facial-reconstruction procedures from coverage under her health-insurance plan violates Title VII's prohibition on sex discrimination. Id., ¶¶ 6–7, 71–75. Having made "a full social and legal gender transition years ago," ECF No. 3-2 (Soe Decl.), ¶ 5, she seeks to proceed pseudonymously here to avoid "public disclosure of her identity as a transgender woman and her diagnosis of gender dysphoria." ECF No. 3-1 (Mot.) at 1. The Court will grant her Motion.

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "customary and constitutionally[ ]embedded

presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly;
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II. Analysis

Plaintiff has shown that her interest in pseudonymity outweighs the public's interest in learning her identity.

First, Plaintiff seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but rather to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 931 F.3d at 97 (alteration in original). Non-public medical information provides the "paradigmatic[]" example of a "sensitive and

highly personal" matter. Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021); see e.g., In re Sealed Case, 971 F.3d at 327; Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023). This Court consistently has held that plaintiffs have a significant privacy interest in both the fact of their transgender status and of their diagnosis with and treatment for gender dysphoria. See, e.g., Doe v. Kupor, 2026 WL 2364435, at *2 (D.D.C. Aug. 14, 2026) ("[W]here a medical diagnosis of gender dysphoria is integral to a case, this [first] factor weighs in favor of allowing a plaintiff to proceed pseudonymously.") (quotation marks and citation omitted); Doe v. McHenry, 2025 WL 596650, at *4 (D.D.C. Jan. 31, 2025) (same); Jones v. Trump, 2025 WL 485419, at *2 (D.D.C. Feb. 13, 2025) (same). Plaintiff was diagnosed with gender dysphoria over two decades ago, has received gender-affirming care to "align [her] physical appearance with [her] female identity," and has made a full legal and social transition such that she now lives as a woman, including at work. See Soe Decl., ¶¶ 5, 9; see also Mot. at 4. She has "chosen not to disclose" her status as a transgender woman to others in her workplace. See Soe Decl., ¶ 6. The first factor thus "strongly favors granting the Motion." Kupor, 2026 WL 2364435, at *2.

The second factor — the risk of retaliatory harm — is closely related to the first and likewise weighs in favor of pseudonymity here. In re Sealed Case, 971 F.3d at 326. "[C]ourts 'generally find a risk of retaliatory harm' where the movant provides evidence that psychological damage is an 'anticipated' consequence of disclosure." Kupor, 2026 WL 2364435, at *3 (quoting Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018)); see also Mot. at 5–7. And Plaintiff has provided an affidavit stating that she fears "being outed as transgender" at work could "expose [her] to verbal and physical harassment and violence" from patients or colleagues, of the sort she has experienced outside of work in the past. See Soe Decl., ¶¶ 6–7; cf.

Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion). Indeed, the entire basis for Soe's lawsuit is that the denial of health-insurance coverage for facial-reconstruction procedures exacerbates her gender dysphoria and causes her "distress and impairments to her mental health, social and occupational functioning, and quality of life." Compl., ¶ 69. Publicly identifying Plaintiff in this lawsuit would force her to incur "the very risks that [she] seek[s] to avoid by obtaining" the procedures at issue. See Soe Decl., ¶ 13. Because Plaintiff thus has "shown a possibility of psychological harm from having her identity disclosed," the second factor weighs in favor of granting the Motion. Doe v. Cabrera, 307 F.R.D. 1, 6 (D.D.C. 2014).

The third factor, conversely, does not support pseudonymity because Plaintiff is not a minor herself nor does she identify any way in which she "share[s] common privacy interests" with minors. J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016); see In re Sealed Case, 971 F.3d at 326; see also Mot. at 7 (skipping over third factor).

Factor four, the identity of the defendants, also cuts against granting the Motion. As a general matter, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W., 318 F.R.D. at 201 (quotation marks omitted); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019); Doe v. Rubio, 2025 WL 3522731, at *2 (D.D.C. Dec. 9, 2025). Here, though, Defendants are private entities — a hospital and a labor union. See Compl., ¶¶ 10–11.

Fifth and finally, letting Plaintiffs proceed pseudonymously will not prejudice Defendants. Plaintiff has filed her true identity under seal and attests that it is "known to Defendants and has been disclosed to Defendants' counsel." Soe Decl., ¶ 12; see also ECF No. 2

(Sealed Doc.) (identifying Plaintiff). Defendants face no risk of unfairness under those circumstances. See, e.g., J.K.A. v. United States, 2023 WL 12248425, at *3 (D.D.C. Aug. 10, 2023) (noting that when plaintiff offers to file identifying information under seal, this factor supports pseudonymity); Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 6 (D.D.C. 2023) ("Defendants would suffer no risk of unfairness if the Motion were granted, given Plaintiff's claim that they already know Plaintiff's true identity.") (cleaned up); In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

In sum, the first, second, and fifth factors weigh strongly in favor of granting Plaintiff's Motion to Proceed Under Pseudonym, while the third and fourth factors weigh weakly in the other direction. On balance, Plaintiff has succeeded in showing that her interest in anonymity outweighs the countervailing interests in making her identity public. See John Doe Co. v. Consumer Fin. Prot. Bureau, 321 F.R.D. 31, 34 (D.D.C. 2017). The Court will thus grant Plaintiff's Motion, subject to reconsideration by the District Judge to whom this case is randomly assigned.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonym listed in the [1] Complaint in all documents filed in this action;

3. Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of their [3] Motion on the public docket; and
4. Defendants' counsel shall not disclose Plaintiff's true identity except as necessary to litigate this action and in consultation with Plaintiff's counsel, and shall take steps to ensure that anyone to whom Plaintiff's identity is disclosed maintains the privacy of that information.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 5, 2026