**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STACY SOE,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY HOSPITAL,<br><br>and<br><br>DISTRICT OF COLUMBIA NURSES ASSOCIATION,<br><br>Defendants. | Case No. 1:26-cv-03426<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>**(Filed Under Seal)** |

## BACKGROUND

Plaintiff Stacy Soe brings this action to challenge Howard University Hospital ("HUH") and the District of Columbia Nurses Association ("DCNA")'s discriminatory coverage exclusion under the collectively bargained, self-funded Howard University and Hospital Union Medical Benefits Plan (the "Plan"). The Plan incorporates Cigna Health and Life Insurance Company's categorical exclusion on facial reconstruction surgeries for transgender people, preventing Plaintiff from obtaining medically necessary treatments to ameliorate the effects of her diagnosed gender dysphoria. Plaintiff brings her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Contemporaneously with the filing of the Complaint, Plaintiff files this Motion for Leave to Proceed Under Pseudonym. Plaintiff moves to proceed pseudonymously to protect herself from harassment, retaliation, and violence that could result from the public disclosure of her identity as a transgender woman and her diagnosis of gender dysphoria.

For these reasons and those set forth below, Plaintiff moves for leave to litigate this matter under a pseudonym to ensure that her identity is not disclosed to the public.

## STATEMENT OF FACTS

Plaintiff is a transgender woman. She has been employed as a Registered Nurse by Defendant HUH and has been a member of her labor union, DCNA, for many years. Plaintiff has personally been subjected to physical violence and has experienced harassment because of her gender identity, both of which have reasonably led her to fear for her safety when others discover her transgender identity. *See* Declaration of Stacy Soe ("Soe Decl.") ¶ 7. For this reason, Plaintiff has made the conscious and deliberate decision *not* to disclose her transgender status to individuals at her workplace and at her union. *Id.* ¶ 6. Accordingly, forcing Plaintiff to disclose her identity in

public court records would require her to make public deeply personal information and subject her to the possibility of significant harm. *Id.* ¶ 8.

In this case, the privacy interests of Plaintiff are paramount. The information disclosed in the Complaint, *see* Dkt. No. 1, and information likely to be disclosed during discovery, is highly personal. Plaintiff's involvement in this case will expose her transgender status and gender dysphoria diagnosis—in other words, private, sensitive information that reveals the difference between her sex assigned at birth and gender identity, as well as her diagnosed, clinically significant distress. If Plaintiff's identity is disclosed, she faces significant risk of harassment or violence, and of public disclosure of confidential medical and other highly sensitive information. *Id.*[1]

**ARGUMENT**

Plaintiff should be permitted to proceed under a pseudonym. While the identities of parties in litigation are generally public knowledge, district courts allow plaintiffs to proceed anonymously "in special circumstances" when "'the impact of the plaintiff's anonymity' outweighs 'the public interest in open proceedings and on fairness to the defendant.'" *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 33 (D.D.C. 2017) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)). This Court uses a balancing test to evaluate whether a plaintiff may proceed anonymously: "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *John Doe Co.*, 321

---

[1] Plaintiff also relies upon and incorporates by reference her Complaint and the supporting declaration filed with this motion, which sets forth additional facts relevant to demonstrating her need to litigate this matter under a pseudonym.

F.R.D. at 34 (citation omitted). This test is "flexible and fact driven," *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023) (citation omitted), and assesses five "non-exhaustive" factors:

> 1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> 2. whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> 3. the ages of the persons whose privacy interests are sought to be protected;
>
> 4. whether the action is against a governmental or private party; and relatedly,
>
> 5. the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019)) (hereinafter the "*Doe* factors").

Plaintiff's case is precisely that which warrants an exception to the general presumption of open judicial proceedings. Public disclosure of Plaintiff's name and her identity as a transgender woman would put her at a significant risk of harm. Soe Decl. ¶¶ 6–8. Disclosure of this information is not necessary to satisfy the public's interest in open judicial proceedings or to avoid any potential prejudice to Defendants. As such, the first, second, fourth, and fifth *Doe* factors weigh in favor of pseudonymity.[2]

**A. This Matter is Highly Sensitive and Personal in Nature.**

The first *Doe* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a

[2] The third factor is not relevant because Plaintiff is not a minor.

matter of [a] sensitive and highly personal nature"—weighs in favor of Plaintiff. *Doe*, 680 F. Supp. 3d at 4. Here, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to preserve her highly sensitive personal information. *Doe v. Kupor*, No. 26-2723, 2026 U.S. Dist. LEXIS 183956, at *5 (D.D.C. Aug. 14, 2026) (quoting *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020)). This information includes Plaintiff's medical history, harassment she has suffered, her transgender status, and her mental and physical health. Soe Decl. ¶¶ 6–10; *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021) ("the intimate or sensitive personal information that is traditionally recognized under this factor . . . are sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors") (citing *In re Sealed Case*, 971 F.3d at 327) (citation modified).

As a transgender woman seeking coverage for treatments to ameliorate her gender dysphoria, Plaintiff has sensitive information involving her medical treatment, her safety, and her bodily autonomy. Soe Decl. ¶¶ 5–10. Courts have acknowledged that the "excruciatingly private and intimate nature of [being transgender], for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). This Court has previously determined that the first *Doe* factor can be satisfied based, in part, on the fact that "transgender status is private and sensitive information." *Kupor*, 2026 U.S. Dist. LEXIS 183956, at *6 (internal quotation marks omitted). Other courts have come to the same conclusion. *See, e.g.*, *K.L. v. State Dep't of Admin.*, No. 3AN-11-05431-CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection."); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that disclosure of the plaintiff's transgender status "creates a very real threat to Plaintiffs' personal security and bodily integrity"). One's gender identity is "among the most

intimate parts of one's life." *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992); *see also Gonzalez v. Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (in the context of identity documents, "[d]isclosing that one is transgender involves a deep personal choice which the government cannot compel, unless disclosure furthers a valid public interest").

Furthermore, the information at issue concerns Plaintiff's medical diagnosis of gender dysphoria, which the D.C. Circuit has held is highly sensitive and personal medical information. *See In re Sealed Case,* 971 F.3d at 327. And, as this Court has noted, "where a medical diagnosis of gender dysphoria is 'integral' to a case"—as it is here—"this factor 'weighs in favor' of allowing a plaintiff to proceed pseudonymously." *Doe*, 2026 U.S. Dist. LEXIS 183956, at *6 (quoting *Doe v. McHenry*, No. 25-286, 2025 U.S. Dist. LEXIS 34937, at *4 (D.D.C. Jan. 31, 2025)). Thus, the first *Doe* factor favors pseudonymity.

**B. Identification Poses a Risk of Retaliatory Physical and Mental Harm to Plaintiff.**

The second *Doe* factor—"whether identification poses a risk of retaliatory physical or mental harm to the requesting party or [...] to innocent non-parties"—supports Plaintiff's Motion. *Doe*, 680 F. Supp. 3d at 4. Plaintiff is at risk of retaliatory physical and mental harm if she is not permitted to proceed by pseudonym. Soe Decl. ¶¶ 6–9. People who are publicly identified as transgender are at particularly high risk of hostility, harassment, and assault. *See Flack v. Wis. Dep't of Health Servs.*, 328 F. Supp. 3d 931, 953 (W.D. Wis. 2018) ("[O]ther than certain races, one would be hard-pressed to identify a class of people more discriminated against historically or otherwise more deserving of the application of heightened scrutiny when singled out for adverse treatment, than transgender people"); *see also, e.g.*, *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender

identity”); *Doe v. Trump*, 275 F. Supp. 3d 167, 208–09 (D.D.C. 2017), *vacated sub nom. Doe v. Shanahan*, 755 F. App’x 19 (D.C. Cir. 2019) (“As a class, transgender individuals have suffered, and continue to suffer, severe persecution and discrimination.”); *Evancho v. Pine-Richland Sch. Dist.*, 237 F. Supp. 3d 267, 288 (W.D. Pa. 2017) (same); *Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dep’t of Educ.*, 208 F. Supp. 3d 850, 874 (S.D. Ohio 2016) (same); *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) (same); *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014) (“The hostility and discrimination that transgender individuals face in our society today is well-documented”). Accordingly, transgender people have a strong interest in preserving the confidentiality of their medical treatments. *See Powell*, 175 F.3d at 111.

For these and similar reasons, courts regularly find a risk of retaliatory harm for transgender plaintiffs and allow them to proceed under pseudonyms. *See, e.g.*, *Kupor*, 2026 U.S. Dist. LEXIS 183956, at *7 (finding risk of retaliatory harm where the movant provided evidence that psychological damage was an anticipated consequence of disclosure); *Ray v. Dir., Ohio Dep’t of Health*, No. 2:18-CV-272, 2018 U.S. Dist. LEXIS 232170, at *4 (S.D. Ohio Apr. 5, 2018) (granting pseudonymity based, in part, on risk of retaliation and harassment); *Doe v. Cabrera*, 307 F.R.D. 1, 6–7 (D.D.C. 2014) (holding that a plaintiff showed a possibility of psychological harm from having her identity disclosed when the plaintiff suffered from severe anxiety and stress based on fear that intimate details about her sexual and medical history would be revealed); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Westchester County Sup. Ct. 2009) (shielding the publication of a transgender individual’s name in seeking a court order regarding a name change based upon his “right to feel threatened for his personal safety in the event his transgender status is made public,” even though he had not personally experienced any violence based on his gender identity).

Plaintiff's declaration details harassment that she has already experienced as a transgender woman. Soe Decl. ¶ 7. The prospect of Plaintiff's name, transgender status, and medical history being available to the public causes Plaintiff to fear for her safety. Soe Decl. ¶¶ 6–10. Plaintiff may also be subject to future abuse or harassment in her workplace due to the nature of the case. Soe Decl. ¶¶ 6, 10; *see also Cabrera*, 307 F.R.D. at 7 ("Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case"). Proceeding in this action without anonymity would cause Plaintiff anxiety and fear that she will be retaliated against by individuals in her life who are not privy to her private information. Soe Decl. ¶¶ 6–8, 13. The risk of psychological harm to Plaintiff if her information were exposed is sufficient to satisfy this factor. Soe Decl. ¶¶ 6, 8, 10; *Cabrera*, 307 F.R.D. at 6 ("A plaintiff need not show both a risk of retaliatory physical harm and mental harm—either is sufficient").

Thus, under the second *Doe* factor, the significant risk of severe harm to Plaintiff if her identity is disclosed supports allowing her to proceed under pseudonym.

### C. The Public Interest is Not Harmed and Defendants Face No Prejudice if Plaintiff Proceeds by Pseudonym.

The fourth and fifth *Doe* factors—"whether the action is against a governmental or private party" and "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously"—weigh in Plaintiff's favor. *Doe*, 680 F. Supp. 3d at 4.

As to the fourth factor, this suit is not against the government and does not seek relief that would alter the operation of public law. *See id.* at 6. As a result, the heightened public interest in disclosure does not apply. *See id.* Instead, Plaintiff's lawsuit "seeks to vindicate only her own rights, and anonymity appears to be necessary to provide her the opportunity to vindicate those rights." *Doe v. Barr*, No. 1:20-cv-03553, 2020 U.S. Dist. LEXIS 260633, at *8 (D.D.C. Dec. 4,

2020). Nothing about her claims "creates any need for transparency with respect to [her] identit[y]." *Asylum Seekers v. Johnson*, No. 23-163, 2023 U.S. Dist. LEXIS 13601, at *9 (D.D.C. Jan. 26, 2023). Therefore, the fourth *Doe* factor supports pseudonymity.

Similarly, under the fifth factor, "Defendants are unlikely to face prejudice" where, as here, "Plaintiff's individual identity is not relevant to the merits of her claims." *Jane Does 1–2 v. U.S. Off. Pers. Mgmt.*, 763 F. Supp. 3d 58, 62 (D.D.C. 2025) (citation modified); *see also League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 25-3501, 2025 U.S. Dist. LEXIS 201522, at *17 (D.D.C. Oct. 10, 2025). Defendants will not face any prejudice because Plaintiff has already disclosed her name to defense counsel. *See, e.g.*, *Doe v. Noem*, No. 25-769, 2025 U.S. Dist. LEXIS 61010, at *7 (D.D.C. Mar. 31, 2025) (no prejudice where defendants or defense counsel "remain fully capable of preparing a defense here and in future litigation, as they retain access to all necessary documents and identifying details"); *Jones v. Trump*, No. 25-401, 2025 U.S. Dist. LEXIS 26370, at *7 (D.D.C. Feb. 13, 2025) (no unfairness where government already knew plaintiff's identity); *see also Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (protective order allowing plaintiffs to litigate pseudonymously and permitting plaintiffs' names to be revealed to defense counsel did not hinder defendants' ability to prepare for trial). As such, allowing Plaintiff to proceed pseudonymously will not hinder Defendants' ability to litigate this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to proceed under a pseudonym.

Dated: September 30, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski (D.C. Bar No. 995549)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Alyssa Lareau (D.C. Bar No. 494881)
WARDENSKI P.C.
300 New Jersey Avenue NW, 3rd Floor
Washington, D.C. 20001
Phone: (202) 935-4224
alyssa@wardenskilaw.com

*Attorneys for Plaintiff Stacy Soe*